# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-10913
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Meraz-Ramirez,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-128-1

———————————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:*

Jesus Meraz-Ramirez appeals his 30-month sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a), arguing that the statutory sentencing enhancement in § 1326(b) is unconstitutional. Meraz-Ramirez concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for

————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10913

possible Supreme Court review.  The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time in which to file a merits brief.

The parties are correct that Meraz-Ramirez's argument is clearly foreclosed by *Almendarez-Torres* and that summary affirmance is appropriate. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)); *see generally Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the Government's motion for summary affirmance is GRANTED.  The Government's alternative motion for an extension of time is DENIED.  The judgment is AFFIRMED.